**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4768**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER CHARLES BALDWIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:16-cr-00005-RLV-DCK-1)

Submitted:  August 14, 2017                    Decided:  August 22, 2017

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Charles Baldwin pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with the intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether plea counsel was ineffective and whether there were any sentencing errors that resulted in Baldwin receiving a longer sentence than would otherwise be legal. Baldwin was notified of his right to file a pro se brief but has not done so. We affirm.

Baldwin's claim of ineffective assistance of counsel is only cognizable on direct appeal if it conclusively appears on the record that counsel was ineffective. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014). To succeed on a claim of ineffective assistance of counsel, Baldwin must show that: (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) "the deficient performance prejudiced the defense," *id.* at 687. The record does not conclusively establish ineffective assistance of counsel, and Baldwin's claim therefore should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion.

With regard to the sentence imposed, we review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence. *Id.* at 51. "Procedural errors include ' . . . improperly calculating[] the

2

Guidelines range . . . , failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). Only if the sentence is free of "significant procedural error" do we review the substantive reasonableness of the sentence, accounting for "the totality of the circumstances." *Gall*, 552 U.S. at 51. Our review of the record confirms that the sentence imposed is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Baldwin, in writing, of the right to petition the Supreme Court of the United States for further review. If Baldwin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baldwin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3